```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```
_____

| | |
|---|---|
| **TAMERA E. INGRAM,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 21-cv-2509-MSN-tmp |
| | ) |
| **JUVENILE COURT, et al.,** | ) |
| | ) |
| Defendants. | ) |

_____

### REPORT AND RECOMMENDATION
_____

Before the court is *pro se* plaintiff Tamera E. Ingram's complaint against the Shelby County Juvenile Court, Officer Harlin, Officer Eric Jackson, Lieutenant Jackson, Major Segrest, Regional One Hospital, Lakesha Hubbard, Amy Bridges, Dr. Paula Elizabeth Vasichiko, Abdallah Azouz, Odulana Florene, Aslam Farhan, Jacob Kriderman, Malissa Lucius, and the Memphis Police Department.[1] (ECF No. 1.) Because Ingram is proceeding *in forma pauperis*, the court must screen the complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth herein, the court

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

recommends that Ingram's complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)&(ii).

## I. PROPOSED FINDINGS OF FACT

On August 4, 2021, Ingram filed a *pro se* complaint alleging violations of her civil rights under 42 U.S.C. § 1983. (ECF No. 1.) Ingram also filed a motion to proceed *in forma pauperis*, which was granted on August 12, 2021. (ECF Nos. 2 & 6.)

Using a form provided by the Clerk's office to assist *pro se* litigants asserting civil rights claims, Ingram writes the following narrative in the space titled "Statement of Claim":

> On February 24, 2021 I was taken to hospital for gunshot wound I was transported by MPD LT Jackson[,] Maj Segrest, officer Jackson, officer Harlin to Regional One hospital for wound. I was sedated put to sleep a transmitter box was installed inside my body when I woke I felt like my body had been violated my health is at risk. All these people have something to do with it. With assistance of Deidra Bridgeforth and Sherriff department my kids are in danger Juvenile Court

(ECF No. 1 at 2.)[2]

In the section titled "relief," Ingram states the following: "Motive for closing this. Fire everybody. Investigate there." (ECF No. 1 at 3.)

## II. PROPOSED CONCLUSIONS OF LAW

**A.   Standard of Review**

---

[2]The narrative is handwritten and difficult to read and follow. This is the court's best interpretation of Ingram's claims.

This court is required to screen *in forma pauperis* complaints and must dismiss any complaint, or any portion thereof, if the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

To avoid dismissal for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also Fed. R. Civ. P. 12(b)(6). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Center for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). Even so, *pro so* litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989),

- 3 -

and the court cannot create a claim that has not been spelled out in a pleading. See Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003).

**B.    Failure to State a Claim**

The undersigned submits that Ingram has failed to state any plausible claim for relief. The complaint is difficult to follow and fails to comply with the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8(a)(2) (requiring that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). Even liberally construed, see Williams, 631 F.3d at 383, the complaint provides nothing beyond conclusory allegations and no references to legal causes of action. It is devoid of factual content that would allow the court to draw the reasonable inference that any of the named defendants are liable for any alleged misconduct. See Ctr. for Bio-Ethical Reform, Inc., 648 F.3d at 369. Accordingly, the complaint fails to state a claim upon which relief could be granted.

**C.    Subject Matter Jurisdiction**

Under 28 U.S.C. § 1915(e)(2)(B), the court has the discretion to refuse to accept allegations in a complaint that are "clearly baseless," a term encompassing claims that may be described as

"fanciful, fantastic, delusional, wholly incredible, or irrational." Bumpas v. Corr. Corp. of America, No. 3:10-1055, 2011 WL 3841674, at *8 (M.D. Tenn. Aug. 30, 2011) (citing Denton v. Hernandez, 504 U.S. 25, 32-33 (1992)). Furthermore, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999). Here, Ingram's allegations that a "transmitter box" was installed in her body as part of a conspiracy between the named defendants are entirely implausible. Accordingly, dismissal for lack of subject matter jurisdiction is likewise appropriate.

D. **Imposition of Filing Restrictions Against Ingram**

Ingram is a frequent filer of meritless lawsuits.³ Each of

---

³Since May 22, 2015, Ingram has commenced eleven civil lawsuits in this district (eight of which were filed in 2021). Seven of those cases were dismissed *sua sponte* for failure to state a claim. See Ingram v. Shelby Cty. Sheriff Dep't, No. 21-2089 (W.D. Tenn. Jul. 28, 2021)(dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii)); Ingram v. Comcast, No. 21-2376 (W.D. Tenn. Jul. 26, 2021)(dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)); Ingram v. City of Memphis Police Dep't, No. 21-2089 (W.D. Tenn. May 12, 2021)(dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)&(ii)); Ingram v. City of Memphis Police Dep't, No. 21-2034 (W.D. Tenn. May 12, 2021)(dismissed pursuant to 28 U.S.C. (e)(2)(B)(i)&(ii)); Ingram v. LeBonheur Children's Hosp., No. 18-2294 (W.D. Tenn. Jan.

these cases has been filed *in forma pauperis* and subsequently dismissed *sua sponte*. Although Ingram has the right to seek redress in this court, she does not have the right to abuse the judicial process and waste the court's limited resources by regularly filing meritless lawsuits. United States ex rel. Odish v. Northrop Grumman Corp., 843 F. App'x 748, 750 (6th Cir. 2021).

The court can act to protect federal courts and other parties from harassing and vexatious litigation. Id. (quoting Feathers v. Chevron U.S.A., Inc., 141 F.3d. 264, 269 (6th Cir. 1998))("There is nothing unusual about imposing [a] prefiling restriction[] in matters with a history of repetitive or vexatious litigation."). Indeed, the court has the obligation to prevent this type of abuse. See In re McDonald, 489 U.S. 180, 184 n.8 (1989)(citing In re Martin-Trigona, 737 F.2d 1254, 1261 (2d Cir. 1984)("Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their

---

3, 2019)(dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)), aff'd, no. 19-5202 (6th Cir. Oct. 30, 2019); Ingram v. Guardsmark Sec. Co., No. 15-2346 (W.D. Tenn. Nov. 13, 2015)(dismissed for lack of standing); Ingram v. MGA Ins. Co., Inc., No. 15-2568 (W.D. Tenn. Feb. 3, 2015) (dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and (h)(3)). There are four remaining cases currently open. The undersigned has recommended *sua sponte* dismissal of three of them. See Ingram v. Lipman, No. 21-2499 (W.D. Tenn. filed July 28, 2021); Ingram v. Bridgeforth, No. 21-2505 (W.D. Tenn. filed August 2, 2021); Ingram v. Juvenile Court, No. 21-2509 (W.D. Tenn. filed August 4, 2021).

ability to carry out Article III functions."). The Sixth Circuit and other appellate courts have endorsed the enjoining of prolific frivolous filers. See Odish, 843 F. App'x at 750; Wilson v. Todd, 178 F. Supp. 2d 925, 930 (W.D. Tenn. 2001), aff'd, 53 F. App'x 744 (6th Cir. 2002)(collecting cases).

The court must take care not to impose restrictions that would prevent Ingram from all access to the courts. Safir v. United States Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986). The court has considered how to prevent Ingram from continuing to abuse the judicial system by repeatedly attempting to litigate meritless claims without also completely precluding her access to the courts. Filing restrictions prevent relitigation of frivolous allegations, but do not entirely preclude access. See, e.g., Van Sickle v. Holloway, 791 F.2d 1431, 1437 (10th Cir. 1986)(stating limited filing restrictions prevent relitigation of frivolous claims without completely barring access to courts); Wilson, 178 F. Supp. 2d at 930 (enjoining plaintiff from filing documents that attempted to relitigate a dismissed case).

Accordingly, it is recommended that Ingram not be allowed to commence any other lawsuit in this district without paying the full civil filing fee. See Miller v. Donald, 541 F.3d 1091, 1096 (11th Cir. 2008)("Reimposing financial considerations in the form of filing fees on indigent litigants is one way the courts can

fulfill their constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.")(internal quotations omitted); <u>Mattox v. Western Mental Health Institute</u>, No. 21-2016, 2021 WL 1090710 at *1 (W.D. Tenn. Mar. 22, 2021)(requiring plaintiff to pay full civil filing fee after frequently filing meritless lawsuits). Ingram is further warned that if she continues to file meritless actions despite the impositions of the restrictions set forth above, she may be subject to additional restrictions on her filing privileges, as well as monetary fines. <u>See</u> <u>Van Sickle</u>, 791 F.2d at 1437 ("[The] court has the power to impose sanctions such as costs, attorney fees, and double costs for the filing of frivolous appeals.").

Accordingly, it is recommended that the complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)&(ii). It is further recommended that prefiling restrictions be imposed on Ingram.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

September 14, 2021
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE**

**SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**